IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**HENRY PERRY and DONNA McDOWELL PERRY,**

        Plaintiffs,

v.                                              Case 2:18-cv-02417-cgc

**ALLSTATE INSURANCE COMPANY,**

        Defendants.

---

**ORDER FOR SUPPLEMENTAL BRIEFING**

---

Before the Court is Defendant Allstate Insurance Company's ("Defendant" or "Allstate") Motion to Dismiss. (Docket Entry ("D.E.") #19). The parties have consented to the jurisdiction of the United States Magistrate Judge. (D.E. #11). For the reasons set forth herein, the Court ORDERS both Allstate and Plaintiffs to file additional briefing in accordance with the schedule below.

**I.  Introduction**

On April 27, 2018, Plaintiffs Henry Perry and Donna McDowell Perry filed their Complaint against Allstate in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. (D.E. #1-2). On June 19, 2018, Allstate removed the case to this Court pursuant to 28 U.S.C. § 1441. (D.E. #1).

Plaintiffs' Complaint alleges that they are the named insureds under Allstate's Homeowners Policy No. 963_329_290 (the "Policy"). (*See* Compl. ¶ 7 & Exh. A). The Policy

1

identifies the covered property as 1217 E. Mallory, Memphis, Tennessee, 38106-7711 (the "Property"). (Compl. ¶ 8). Plaintiffs allege that, on April 6, 2017, while the Policy was in effect, the Property was damaged by fire, resulting in a near to total loss thereof. (*Id*. ¶ 9). Plaintiffs allege that, as a result thereof, and in accordance with the Policy, they notified Allstate of the damages and made a claim for coverage (the "Claim"). (*Id*.) Plaintiffs allege that, after Allstate inspected the damage to the Property, it initially issued a letter approving the Claim; however, "[s]oon thereafter," Allstate revoked the claim approval. (*Id*. ¶¶ 10-11). Specifically, Plaintiffs allege that on August 17, 2017, Allstate denied coverage stating that the fire damage constituted "'vandalism or malicious mischief'" and that the property had been "'vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief." (*Id*. ¶ 12). Plaintiff alleges that Allstate further stated that the fire had been "'intentionally set.'" (*Id*.)

Plaintiff asserts that the Policy does not define "'vandalism'" or "'malicious mischief'" and that such terms do not encompass intentionally set fires in Tennessee. (*Id*. ¶ 13). Plaintiff argues that, as such, the fire damage to the Property was covered under the Policy. (*Id*.) Plaintiff alleges that, by denying coverage when the Claim was covered under the Policy and all prerequisites to coverage were met, Allstate breached its contractual obligation to them. (*Id*. ¶ 14). As causes of action, Plaintiff alleges breach of contract and requests declaratory relief. (*Id*. ¶¶ 15-28). Plaintiff further requests punitive damages in an amount to be determined by the jury. (*Id*. at 5 ¶ (c)).

On September 6, 2018, Allstate filed the instant Motion to Dismiss requesting that the Court dismiss Plaintiff's claim for punitive damages on the basis that Plaintiffs fail to allege any

2

facts that support a claim. (D.E. #19). Allstate asserts that recent authority is unsettled as to whether punitive damages may be awarded against an insurer but that, even assuming, *arguendo*, that such damages are available, they are generally not available in breach of contract cases and are not available here as there are no allegations of intentional, fraudulent, malicious, or reckless conduct on the part of Allstate. Instead, Allstate argues that the allegations against it are that is misapplied a provision of the insurance policy in denying their Claim.

On October 3, 2018, Plaintiffs filed their Response to Allstate's Motion to Dismiss. Plaintiffs concur that the law is unsettled as to whether punitive damages may be awarded against an insurer but asserts that this Court has allowed such awards. Additionally, Plaintiffs argue that "Defendant's investigation resulted in inaccurate findings at best, or at worst, [Defendant] acted intentionally, fraudulently, or recklessly in its denial of benefits to Plaintiffs." Thus, Plaintiffs assert that the Complaint "adequately sets forth a plausible basis for punitive damages" and that it is premature to dismiss their claim for punitive damages at this stage.

On October 17, 2018, Allstate filed its Reply in support of its Motion to Dismiss. Therein, Allstate reiterates that, despite Plaintiffs' statements in their Response, the Complaint does not contain any allegations of intentional, fraudulent, malicious, or reckless acts or any facts in support thereof. Thus, Allstate again argues that Plaintiffs' request for punitive damages should be dismissed.

On October 10, 2018, Plaintiffs filed an Amended Complaint. (D.E. #25). The Amended Complaint further alleges who resided at the Property on what occasions, what actions have been taken in respect to the ordered demolition of the property, and adds a claim for bad faith pursuant to Tennessee Code Annotated Section 56-7-105. (Am. Compl. ¶¶ 9-14, 21, 37-42). Aside from

the newly pled bad-faith claim, Plaintiffs do not include any further allegations regarding their request for punitive damages; instead, they continue to request that punitive damages be awarded in an amount to be determined by the jury. (*Id.*, *passim*).

**II.  Analysis**

As a threshold matter, Allstate's Motion to Dismiss is technically moot because Plaintiffs have since filed an Amended Complaint. *See Jerry A. Bellar v. City of Auburn*, No. 1:15-CV-38-GNS, 2015 WL 5299453, at *2 n.2 (Sept. 9, 2015) (citing *Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir. 2008) (stating that "an amended complaint supersedes all prior complaints," rendering the original complaint a "nullity."). Other courts have construed a motion to dismiss that was filed before an amended complaint as being directed at the amended complaint. *See Bellar*, 2015 WL 5299453, at *2 n.2 (reasoning that the substantive arguments against the original complaint were "equally inapplicable to the amended complaint"). However, here, the Amended Complaint contains a new bad-faith claim. Plaintiffs have argued that this newly pled claim is a basis for punitive damages, although they did so before their Amended Complaint was even filed. (*See* Pls.' Resp. to Def.'s Mot. to Dismiss at 3).

While the Court would like, for purposes of judicial efficiency, to construe the present Motion to Dismiss as also challenging the Amended Complaint, the Court wishes to insure that Allstate would like its motion to be so construed and has had the opportunity to make any arguments it would like as relating to the Amended Complaint. The Court also seeks to provide Plaintiffs an opportunity to respond to any arguments raised therein, as it would be Plaintiffs' only briefing on the instant motion following their Amended Complaint.

4

Accordingly, the Court ORDERS that Allstate be given fifteen (15) days from the date of this Order to file any supplemental briefing on this issue. The supplemental briefing need only state whether Allstate would like its motion to be construed as challenging the Amended Complaint and address any issues pertaining to Plaintiffs' request for punitive damages following their newly filed bad-faith claim. The Court further ORDERS that Plaintiff be provided fifteen (15) days from the filing of Allstate's supplemental briefing to respond to any issues raised therein.

**IT IS SO ORDERED** this 25th day of October, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE